1  JASON M. FRIERSON
   United States Attorney
2  District of Nevada
   Nevada Bar No. 7709
3  SOHAYL VAFAI, SBN CA 319266
   Special Assistant United States Attorney
4  Office of Program Litigation, Office 7
   Office of the General Counsel
5  Social Security Administration
   160 Spear Street, Suite 800
6  San Francisco, CA 94105
   Telephone: (510) 970-4838
7  E-Mail: sohayl.vafai@ssa.gov

8  Attorneys for Defendant

9

10

11                    UNITED STATES DISTRICT COURT

12                         DISTRICT OF NEVADA

13  BRENDA DARLENE HYDE,               )
                                       )  Case No.: 2:22-cv-00589-DJA
14          Plaintiff,                 )
                                       )  **STIPULATION FOR THE AWARD AND
15     vs.                             )  PAYMENT OF ATTORNEY FEES PURSUANT
                                       )  TO THE EQUAL ACCESS TO JUSTICE ACT,
16  KILOLO KIJAKAZI,                   )  28 U.S.C. § 2412(d)**
    Acting Commissioner of Social Security, )
17                                     )
            Defendant.                 )
18                                     )
                                       )
19

This stipulation is intended to replace Plaintiff's Motion for Attorney Fees (Dkt. No. 25).

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees in the amount of $6,944.70 (SIX THOUSAND NINE HUNDRED FOURTY-FOUR DOLLARS AND SEVENTY CENTS) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel, if any. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor any assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel, Hal Taylor.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or counsel, including counsel's firm, may have relating to EAJA fees and expenses and costs in connection with this action.

//
//
//
//
//

This award is without prejudice to the rights of counsel and/or counsel's firm to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of EAJA.

Dated: December 22, 2022                    Respectfully submitted,

/s/ Hal Taylor
HAL TAYLOR
2551 W. Lakeridge Shores
Reno, NV 89519
Telephone: 775-825-2223
Email: haltaylorlawyer@gbis.com

Attorney for Plaintiff

JASON M. FRIERSON
United States Attorney

/s/ Sohayl Vafai
SOHAYL VAFAI
Special Assistant United States Attorney

Attorneys for Defendant

**IT IS THEREFORE ORDERED** that the parties' stipulation for attorneys' fees (ECF No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorneys' fees (ECF No. 25) is **DENIED AS MOOT**.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: December 28, 2022